# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY JEAN GIBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:12-cv-00945 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS |

On July 2, 2012, the Court ordered Plaintiff Beverly Jean Gibson ("Plaintiff") to complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form." (Doc. 8 at 4). The instructions issued directed Plaintiff to provide the clerk's office with the following documents:

1. The original Summons and five (5) copies of the Summons
2. Five (5) copies of the Order directing service by the U.S. Marshal
3. Five (5) copies of the Complaint
4. One completed USM-285 form addressed to the Social Security Administration

However, Plaintiff failed to comply with these instructions. In addition to failing to complete the forms required for service, Plaintiff attempted to supplement her complaint with additional exhibits and documents not approved for service by the Court. Therefore, on July 20, 2012, the Court issued an order instructing Plaintiff to comply with the instructions for service by providing the correct number of copies of the documents identified above to the Clerk's office. (Doc. 11).

Nevertheless, Plaintiff failed to comply with the instructions set forth in the Notice, or with the Court's order.  Plaintiff failed to complete the USM-285 form and did not use the Summons issued by the Court.  Further, Plaintiff provided copies of only the First Amended Complaint, and copies of other documents.  The documents provided by Plaintiff failed to comply with the instructions, and are insufficient for service.  Consequently, the Court issued a second order instructing Plaintiff to provide the documents on August 29, 2012.  (Doc. 13).  In addition, the Court issued the following warning: "**If Plaintiff fails to comply with this Order, the action will be dismissed for failure to obey a court order pursuant to Local Rule 110**."  *Id.* at 2 (emphasis in original).  Nevertheless, to date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for her failure to prosecute or to follow the Court's Orders, or in the alternative, to file the documents identified above with the Clerk's office.

IT IS SO ORDERED.

Dated:   **September 24, 2012**         /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE