**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEVERLY JEAN GIBSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 1:12-cv-00945 - JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE |

　　　Beverly Jean Gibson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action seeking judicial review of a determination of the Social Security Administration.  For the following reasons, Plaintiff's First Amended Complaint is **DISMISSED**.

**I.　　Factual and Procedural History**

　　　Plaintiff initiated this action on June 11, 2012, by filing her complaint.  Pursuant to 28 U.S.C. § 1915(a), the Court screened Plaintiff's complaint and dismissed it with leave to amend on June 15, 2012.  (Doc. 6).  Plaintiff filed her First Amended Complaint on June 28, 2012 (Doc. 7), which the Court approved for service on July 2, 2012.  (Doc. 8).  The Court directed Plaintiff to "complete and submit to the Court the 'Notice of Submission of Documents in Social Security Appeal Form" issued by the Clerk. *Id.* at 4.

　　　The instructions issued in the form directed Plaintiff to provide the Clerk's Office with the following documents:

1. The original Summons and five (5) copies of the Summons
2. Five (5) copies of the Order directing service by the U.S. Marshal
3. Five (5) copies of the Complaint
4. One completed USM-285 form addressed to the Social Security Administration

The Clerk's Office notified the Court that Plaintiff failed to complete the forms required for service and attempted to supplement her First Amended Complaint with additional exhibits and documents not approved for service.  Therefore, on July 20, 2012, the Court issued an order directing Plaintiff to comply with the instructions for service.  (Doc. 11).

On August 24, 2012, the Clerk's Office notified the Court that Plaintiff submitted the forms a second time, but once again, Plaintiff failed to comply with the instructions.  Plaintiff failed to complete the USM-285 form and did not use the Summons issued by the Court. Further, Plaintiff provided copies of only a portion of the First Amended Complaint, and copies of other extraneous documents.  Because the documents provided were insufficient for service, the Court issued an order to Plaintiff on August 29, 2012, directing her to comply with the instructions for service.  (Doc. 13). The Court informed Plaintiff that failure to obey the Court's order would result in dismissal of the action pursuant to Local Rule 110.  *Id.* at 2.

Plaintiff failed to comply with or otherwise respond to the Court's order, and as a result the Court issued an order to show cause for her failure on September 24, 2012.  (Doc. 14).  The Court explained once again that failure of a party to comply with the Court's orders may be grounds for sanctions, including dismissal of the action.  Therefore, the Court directed Plaintiff to show cause why the action should not be dismissed or, in the alternative, to file the documents identified with the Clerk.  *Id.* at 2.

On September 26, 2012, the Clerk's office notified the Court that Plaintiff filed a third set of incomplete service documents.  For example, Plaintiff filed five copies of *only* page one of the First Amended Complaint which she attached to page two of the Order directing her compliance.  Again, the documents provided were insufficient for service.  In addition, Plaintiff again filed copies of other documents not authorized for service by the Court.  Therefore, on October 1, 2012, the Court issued an order granting Plaintiff "**one final opportunity** to comply with the terms of the instructions for service of the First Amended Complaint."  (Doc. 15 at 2) (emphasis in original).  The Court reminded Plaintiff

2

an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).

On October 9, 2012, Plaintiff filed a response to the Court's order to show cause, asserting she submitted the documents required for service. (Doc. 16). Plaintiff explained: "I strongly feel that I have been in compliance with the order and should be allowed to move forward." *Id.*

## II.    Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik*, 963 F.2d at 1260-61 dismissal for failure to comply with an order requiring amendment of complaint); *Malone*, 833 F.2d at 130 (dismissal for failure to comply with a court order); *Henderson*, 779 F.2d at 1424 (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute and failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

1    of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

2    Cir. 1976).  Although the First Amended Complaint was approved for service, Plaintiff has failed to

3    comply with the instructions for service for nearly three months without explanation.  In addition,

4    Plaintiff has failed to comply with or otherwise respond to the Court's order dated October 9, 2012.

5            Finally, the Court's repeated warning to Plaintiff that failure to comply with the Court's orders

6    would result in dismissal satisfies the requirement that the Court consider less drastic measures.

7    *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  In the Order to Show Cause, the Court

8    warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an

9    action or failure to obey a court order . . . "  (Doc. 14 at 2).  Similarly, in its order directing Plaintiff to

10   comply with the instructions for service dated October 1, 2012, the Court informed Plaintiff that if she

11   "**<u>fails to comply with this Order, the action will be dismissed for failure to obey a court order</u>**

12   **<u>pursuant to Local Rule 110</u>**."  (Doc. 15 at 3) (emphasis in original).  Thus, Plaintiff had adequate

13   warning that dismissal would result from her failure to comply with the Court's orders and the Local

14   Rules, and her failure to prosecute the action.  Given these facts, the Court finds the policy favoring

15   disposition of cases on their merits is outweighed by the factors in favor of dismissal.

16   **IV.     Conclusion and Order**

17           The factors set forth by Ninth Circuit weigh in favor of dismissal of the action.  Therefore, the

18   Court is within its discretion to dismiss the action for Plaintiff's failure to prosecute the action and

19   failure to comply with the Court's orders.

20           The Court does not issue this order lightly.  However, Plaintiff refuses to follow the very basic

21   instructions given to her[1] and without her doing so, the complaint cannot be served and the matter may

22   not move forward.  She leaves the Court no option but to order the matter **DISMISSED WITHOUT**

23   **PREJUDICE**.

24           Accordingly, **IT IS HEREBY ORDERED**:

25           1.     Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and

26

27   _____
     [1] Because Plaintiff's failure to comply with the Court's instructions and orders is inexplicable given the harsh warnings
28   issued to her, the Court examined her documents to determine whether there was any indication she suffers from some
     mental impairment which would prevent her from comprehending her situation.  The Court has found no evidence this is
     the case.

                                                          4

2.      The Clerk of Court is directed to close this action, because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **October 30, 2012**                    **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE